IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-CR-10014-012 |
| ) | |
| MICHAEL CUMMINGS ) | |
| a/k/a "Main" ) | |

## PRELIMINARY ORDER OF FORFEITURE

On March 8, 2023, a Grand Jury sitting in the Western District of Arkansas returned a Superseding Indictment charging the Defendant, MICHAEL CUMMINGS, with one count of conspiring to distribute, and to possess with intent to distribute, methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The Superseding Indictment also contains a Notice of Intent to Seek Criminal Forfeiture (hereinafter the "Forfeiture Allegation"). In the Forfeiture Allegation, the United States seeks forfeiture, pursuant to 21 U.S.C. § 853, of all property involved in the offense, or that is traceable to property involved in the offense, including any proceeds obtained directly or indirectly from the offense. In the event that, by any act or omission of the Defendant, forfeitable property cannot be located despite due diligence, has been transferred, sold or deposited with a third party, has been placed beyond the jurisdiction of the Court, has substantially diminished in value, or has been commingled with other property that cannot be subdivided without difficulty, the United States also seeks forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

On October 16, 2024, the Defendant entered a plea of guilty to Count One of the Superseding Indictment. In a written plea agreement signed by the parties on July 26, 2024 (hereinafter the "Plea Agreement"), the Defendant agrees to forfeit any and all right, title and/or interest he has to or in the following property, which he further agrees is subject to forfeiture as

substitute assets pursuant to 21 U.S.C. § 853(a)(1) and (p), and 28 U.S.C. § 2461(c) (hereinafter the "Property"):

    a. a forfeiture money judgment in the amount of $100,000.00, in place of proceeds the Defendant obtained directly or indirectly as the result of committing the offense described in Count One of the Superseding Indictment in this matter.

The Defendant also acknowledges in the Plea Agreement that the Property is subject to forfeiture as proceeds of illegal conduct, and/or as substitute assets for property otherwise subject to forfeiture.

In the Plea Agreement, the Defendant consents to the immediate entry of this Preliminary Order of Forfeiture, following the entry of his guilty plea to Count One. The Defendant further agrees that, upon entry of this Preliminary Order of Forfeiture, such Order will be considered final as to Defendant's interest(s) in the Property. The Defendant also agrees to immediately withdraw any claim(s) to the Property in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of the Property to the United States. The Defendant additionally agrees to execute any and all documents requested by the Government to facilitate and complete the forfeiture process as to the Property. The Defendant also agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of the Property.

Pursuant to the Plea Agreement, the Defendant agrees to consent to the entry of Orders of Forfeiture as to the Property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Pursuant to the Plea Agreement, the Defendant also agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant also agrees that the forfeiture provisions of the Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

1. That, based upon the Defendant's plea of guilty to Count One of the Superseding Indictment and the terms of the parties' written Plea Agreement, the following assets shall be forfeited to the United States as proceeds of illegal conduct (i.e. property involved in or traceable to property involved in the offense described in Count One, including proceeds obtained directly or indirectly from that offense) and/or as substitute assets for property otherwise subject to forfeiture:

   a. a forfeiture money judgment in the amount of $100,000.00, in place of proceeds the Defendant obtained directly or indirectly as the result of committing the offense described in Count One of the Superseding Indictment in this matter.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order, the United States is authorized to seize any specific property or asset that is subject to forfeiture as set forth herein in this Order and the Plea Agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of properties and/or assets; and to commence any proceeding(s) required to comply with applicable statute(s) governing third-party rights, including giving notice of this Order.

IT IS SO ORDERED this 16th day of October 2024.

_____
HON. SUSAN O. HICKEY
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Michael Cummings, Defendant

_____
Christopher Baker, Counsel for Defendant

_____
Graham Jones, Assistant U.S. Attorney