IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-CR-10014-012 |
| ) | |
| MICHAEL CUMMINGS ) | |
| a/k/a "Main" ) | |

## MONEY JUDGMENT

On October 16, 2024, the Defendant pleaded guilty to Count One of the Superseding Indictment, charging him with conspiring to distribute, and to possess with intent to distribute, methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The Superseding Indictment also contains a Notice of Intent to Seek Criminal Forfeiture (hereinafter the "Forfeiture Allegation"). In the Forfeiture Allegation, the United States seeks forfeiture, pursuant to 21 U.S.C. § 853, of all property involved in the offense, or that is traceable to property involved in the offense, including any proceeds obtained directly or indirectly from the offense. In the event that, by any act or omission of the Defendant, forfeitable property cannot be located despite due diligence, has been transferred, sold or deposited with a third party, has been placed beyond the jurisdiction of the Court, has substantially diminished in value, or has been commingled with other property that cannot be subdivided without difficulty, the United States also seeks forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

In their written Plea Agreement, the parties agree that the Defendant shall forfeit any and all right, title and/or interest to or in a money judgment in the amount of one hundred thousand dollars ($100,000.00) in United States Currency, representing proceeds the Defendant obtained directly or indirectly as the result of committing the offense described in Count One of the

Superseding Indictment. The parties further stipulate and agree that this is a sum in aggregate representing property that constitutes, or is derived from, or is traceable to the proceeds obtained from the commission of the offense of conviction. The Defendant also agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture process. The Defendant further agreed not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That a money judgment in the amount of one hundred thousand dollars ($100,000.00) in United States Currency shall be entered against the Defendant, Michael Cummings, as proceeds obtained indirectly or directly from the conduct for which the Defendant has been convicted;

2. That the Defendant shall execute any and all documents requested by the United States to facilitate or complete any subsequent forfeiture processes;

3. That the Defendant shall not contest or assist any other person or entity in contesting, the forfeiture of property seized in connection with this case;

4. That, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this judgment, the United States is authorized to seize any specific property or assets that are subject to forfeiture as set forth herein in this order and according to the terms of the plea agreement, and to conduct any discovery the Court may consider proper in identifying, locating, or disposing of such property or assets;

5. That, pursuant to Federal Rule of Criminal Procedure 32.2(c)(l), no ancillary proceeding is required to the extent that a forfeiture consists of a money judgment;

6. That, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), any order of forfeiture becomes final as to the Defendant at sentencing;

7. That, if the Defendant does not pay the one hundred thousand dollars ($100,000.00) at sentencing and those assets:

    a. Cannot be located upon the exercise of due diligence;
    b. Have been transferred to, or deposited with a third party; or
    c. Have been placed beyond the jurisdiction of the Court;

    then any other property of the Defendant, up to the value of the total amount of forfeited property, shall be forfeited to the United States as substitute assets pursuant to 18 U.S.C. § 982(b)(1), incorporating by reference 21 U.S.C. § 853(p);

8. That, regarding any substitute assets seized to satisfy this Order, the Defendant shall be credited the appraised value of each asset, to be applied towards the $100,000 forfeited; and

9. That the Defendant will be entitled to an offset against any restitution ordered to the extent that property forfeited to satisfy this money judgment or proceeds of the sale of forfeited property is remitted to any victim, if applicable.

IT IS SO ORDERED this 16th day of October 2024.

_____
HON. SUSAN O. HICKEY
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____
Michael Cummings, Defendant

_____
Christopher Baker, Counsel for Defendant
Drew Curtis

_____
Graham Jones, Assistant U.S. Attorney